AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

United States Courts
Southern District of Texas

FILED

APR 06 2026

Nathan Ochsner, Clerk of Court

# PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

## Instructions

1.    **Who Should Use This Form.**  You should use this form if
  - you are a federal prisoner and you wish to challenge the way your sentence is being carried out (for example, you claim that the Bureau of Prisons miscalculated your sentence or failed to properly award good time credits);
  - you are in federal or state custody because of something other than a judgment of conviction (for example, you are in pretrial detention or are awaiting extradition); or
  - you are alleging that you are illegally detained in immigration custody.

2.    **Who Should Not Use This Form.**  You should not use this form if
  - you are challenging the validity of a federal judgment of conviction and sentence (these challenges are generally raised in a motion under 28 U.S.C. § 2255);
  - you are challenging the validity of a state judgment of conviction and sentence (these challenges are generally raised in a petition under 28 U.S.C. § 2254); or
  - you are challenging a final order of removal in an immigration case (these challenges are generally raised in a petition for review directly with a United States Court of Appeals).

3.    **Preparing the Petition**.  The petition must be typed or neatly written, and you must sign and date it under penalty of perjury.  **A false statement may lead to prosecution.**

4.    **Answer all the questions.**  You do not need to cite law.  You may submit additional pages if necessary.  If you do not fill out the form properly, you will be asked to submit additional or correct information.  If you want to submit any legal arguments, you must submit them in a separate memorandum.  Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this petition.  If you attach additional pages, number the pages and identify which section of the petition is being continued.  All filings must be submitted on paper sized 8½ by 11 inches.  **Do not use the back of any page.**

5.    **Supporting Documents.**  In addition to your petition, you must send to the court a copy of the decisions you are challenging and a copy of any briefs or administrative remedy forms filed in your case.

6.    **Required Filing Fee.**  You must include the $5 filing fee required by 28 U.S.C. § 1914(a).  If you are unable to pay the filing fee, you must ask the court for permission to proceed in forma pauperis – that is, as a person who cannot pay the filing fee – by submitting the documents that the court requires.

7.    **Submitting Documents to the Court.**  Mail your petition and ____ copies to the clerk of the United States District Court for the district and division in which you are confined.  For a list of districts and divisions, see 28 U.S.C. §§ 81-131.  All copies must be identical to the original.  Copies may be legibly handwritten.

   If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

8.    **Change of Address.**  You must immediately notify the court in writing of any change of address.  If you do not, the court may dismiss your case.

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
### for the

United States Courts
Southern District of Texas
**F I L E D**

APR 0 6 2026

Nathan Ochsner, Clerk of Court

|  |  |
|---|---|
| Tooryalai Mohammadi | ) |
| | ) |
| | ) |
| _Petitioner_ | ) |
| | ) |
| v. | )  Case No. _____ |
| | )           _(Supplied by Clerk of Court)_ |
| Field Office Director, ICE Enforcement and Removal Operations, Houston Field Office | ) |
| | ) |
| | ) |
| _Respondent_ | |

_(name of warden or authorized person having custody of petitioner)_

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241
### Personal Information

1.  (a)  Your full name:  Tooryalai Mohammadi
    (b)  Other names you have used:  None
2.  Place of confinement:
    (a)  Name of institution:  Houston Processing Center
    (b)  Address:  15850 Export Plaza Dr Houston TX 77032 United States

    (c)  Your identification number:  A221 223 388
3.  Are you currently being held on orders by:
    ☑ Federal authorities        ☐ State authorities        ☐ Other - explain:

    _____

4.  Are you currently:

    ☐ A pretrial detainee (waiting for trial on criminal charges)
    ☐ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
       If you are currently serving a sentence, provide:
           (a)  Name and location of court that sentenced you:  _____

           (b)  Docket number of criminal case:  _____
           (c)  Date of sentencing:  _____
    ☑ Being held on an immigration charge
    ☐ Other  _(explain)_:  _____

## Decision or Action You Are Challenging

5.  What are you challenging in this petition:
    ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

❏ Pretrial detention

☑ Immigration detention

❏ Detainer

❏ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

❏ Disciplinary proceedings

❏ Other *(explain)*: _____

_____

6.   Provide more information about the decision or action you are challenging:

(a)  Name and location of the agency or court:   U.S Immigration and Customs Enforcement ( ICE ), Houston Field Office / Joe Corley Processing Center,COnroe,Texas

(b)  Docket number, case number, or opinion number:   A221 223 388

(c)  Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*: Continued immigration detention after final order of removal and ICE's refusal to release petitioner under-supervision despite the lack of a prompt and reasonably foreseeable removal date.

(d)  Date of the decision or action:   05/13/2025

## Your Earlier Challenges of the Decision or Action

7.   **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☑ Yes                    ❏ No

(a)  If "Yes," provide:

(1)  Name of the authority, agency, or court:   U.S. Immigration and customs Enforcement ( ICE ), Houston Field Office / Joe Corley Processing Center

(2)  Date of filing:   04/01/2025

(3)  Docket number, case number, or opinion number:   A221 223 388

(4)  Result:   Request Denied / no release granted

(5)  Date of result:   04/14/2025

(6)  Issues raised:   Petitioner requested  release or removal to Germany and sought action on his- detention status, ICE denied the request and stated he would remain in custody pending removal.

(b)  If you answered "No," explain why you did not appeal: _____

_____

8.   **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

❏ Yes                    ☑ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) If "Yes," provide:

    (1) Name of the authority, agency, or court: _____

    (2) Date of filing: _____

    (3) Docket number, case number, or opinion number: _____

    (4) Result: _____

    (5) Date of result: _____

    (6) Issues raised: _____

(b) If you answered "No," explain why you did not file a second appeal:

Petitioner did not have legal assistance and did not know of any further administrative appeal to challenge-
Continued detention.

9.    **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☐ Yes      ☑ No

(a) If "Yes," provide:

    (1) Name of the authority, agency, or court: _____

    (2) Date of filing: _____

    (3) Docket number, case number, or opinion number: _____

    (4) Result: _____

    (5) Date of result: _____

    (6) Issues raised: _____

(b) If you answered "No," explain why you did not file a third appeal:

Petitioner did not have legal assistance and did not know of any further appeal process.

10.    **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes      ☑ No

If "Yes," answer the following:

(a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

    ☐ Yes      ☐ No

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1) Name of court: _____

(2) Case number: _____

(3) Date of filing: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

❏ Yes                    ☑ No

If "Yes," provide:

(1) Name of court: _____

(2) Case number: _____

(3) Date of filing: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: This Petition does not challenge a criminal convictin or sentence. Petitioner is challenging continued immigration detention. Section 2255 does not apply.

_____

_____

_____

_____

11. **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☑ Yes                    ❏ No

If "Yes," provide:

(a) Date you were taken into immigration custody: 09/30/2024

(b) Date of the removal or reinstatement order: 03/27/2025

(c) Did you file an appeal with the Board of Immigration Appeals?

❏ Yes                    ☑ No

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1) Date of filing: _____

(2) Case number: _____

(3) Result: _____

(4) Date of result: _____

(5) Issues raised: _____

_____

_____

_____

_____

(d)    Did you appeal the decision to the United States Court of Appeals?

❏ Yes            ☑ No

If "Yes," provide:

(1) Name of court: _____

(2) Date of filing: _____

(3) Case number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

12.    **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

❏ Yes            ☑ No

If "Yes," provide:

(a) Kind of petition, motion, or application: _____

(b) Name of the authority, agency, or court: _____

_____

(c) Date of filing: _____

(d) Docket number, case number, or opinion number: _____

(e) Result: _____

(f) Date of result: _____

(g) Issues raised: _____

_____

_____

_____

_____

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Grounds for Your Challenge in This Petition

13.    State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.  Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE**: Continued detention is unlawful because removal is not reasonably foreseeable.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
Petioner has remained in ICE custody after the removal order became final. ICE has stated that it is working with the government of Afghanistan for travel documents, but no actual removal date has been provided. Petitioner remaains detained based on speculation that removal may happen in the future, and his continued detention has become prolonged without a clear,definite, and reasonably foreseeable removal date.

(b) Did you present Ground One in all appeals that were available to you?
☐ Yes            ☑ No

**GROUND TWO**: Continued detention is unlawful because petitioner is not a flight risk and can be released under supervision.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
Petitioner has family support in the united states. His Brother in Idaho is willing to received and support him if he is released petitioner can comply with reporting requirements, address requirements, and any reasonable conditions of supervision set by the court or ICE. Continued detention is not necessary to ensure appearance for emoval proceedings or supervision.

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes            ☑ No

**GROUND THREE**: Continued detention violates due process because ICE has not provided a meaningful custody review based on current evidence and release alternatives.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
ICE denied release and continued detention using general statements about possible removal and flight risk. Petitioner has a specific family sponsor and a stable place to go if released, but detention has continued without meaningful consideration of release under supervision or less restrictive alternatives. Petitioner has remained detained for a prolonged period without an individualized review that fairly considered current circumstances.

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes            ☑ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** Continued detention is excessive and unnecessary because less restrictive alternatives are available.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

Petitioner can live with and be supported by his brother in Idaho. He is willing to comply with any reporting- supervision,travel, or check-in conditions ordered by the court or ICE. Because supervision and family placement- are available, continued physicla detention is unnecessarily harsh and excessive.

(b) Did you present Ground Four in all appeals that were available to you?

☐ Yes          ☑ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: Petitioner did not present these grounds in further appeals because he had no legal assistance- did not understand the appeal process, and did not knoe how to properly challenge his continued detention- in court.

## Request for Relief

15. State exactly what you want the court to do: Petitioner asks the court to grant this petition, find that his continued- detention is unlawful, and order his immediate release from ICE custody under reasonable conditions of supervision. in the alternative, petitioner asks the court to order ICE to provide a prompt and meaningful custody review before- a neutral decision-maker.

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

3-30-2026

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 3.30.2026

*Signature of Petitioner*

_____

*Signature of Attorney or other authorized person, if any*

**U.S. Department of Homeland Security**
Immigration and Customs Enforcement

**Warning for Failure to Depart**

| Name:<br><br>MOHAMMADI, TOORYALI | Field Office:<br><br>CRE-T | File #:<br><br>221 223 388 |
|---|---|---|

Section 243(a) of the Immigration and Nationality Act provides, in part, that:

Any alien against whom a final order of removal is outstanding by reason of being a member of any of the classes described in section 237(a) who--

(A)  willfully fails or refuses to depart from the United States within a period of 90 days* from the date of the final order of removal under administrative processes, or if judicial review is had, then from the date of the final order of the court,

(B)  willfully fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure,

(C)  connives or conspires, or takes any other action, designed to prevent or hamper or with the purpose of preventing or hampering the alien's departure pursuant to such, or

(D)  willfully fails or refuses to present himself or herself for removal at the time and place required by the Attorney General pursuant to such order,

shall be fined under title 18, United States Code, or imprisoned not more than four years (or 10 years if the alien is a member of any of the classes described in paragraph (1)(E), (2), (3), or (4) of section 237(a)), or both.

Nothing in this section shall make it a violation to take proper steps for the purpose of securing cancellation of or exemption from such order of removal or for the purpose of securing the alien's release from incarceration or custody.

Any action Immigration and Customs Enforcement may take to obtain a travel document for your departure or to remove you will *NOT* relieve you of the liability for compliance with the provisions of law referred to in the first paragraph above.

*    Section 241(a)(1)(C) provides for the extension of the statutory removal period if the alien refuses, during the removal period, to make application in good faith, for a travel or other document necessary for the alien's removal or departure or conspires or acts to prevent the alien's removal subject to an order of removal.

| Date Order Final:<br><br>March 27, 2025 | Ordered Removed under Section:<br><br>212a7AiI, 8 USC 1182 |
|---|---|

**Record of Service**
(Check method used)

**Record of Personal Service**

| (   ) |  |
|---|---|
| Served By: (Print Name and Title of Officer)<br><br>TIERRA DIXON, Deportation Officer | Date:<br><br>May 13, 2025 |

| Officer's Signature: | Location of Service:<br>ICE/DHS<br>500 Hilbig Rd Conroe, TX 77301 |
|---|---|

| Served On: (Alien's Signature)<br><br>Refuse To Sign | Date:<br><br>May 13, 2025 |
|---|---|

| (   ) **Warning administered in Court**<br>(Copy of order attached) | Record of Personal Service (Cont.) |
|---|---|
| (   ) **Certified Mail Service** | Fingerprint of Alien (Specify finger used) |
| **Attach certified mail receipts here.** | |

Form I-229(a)
(Revised 12/04/02)

Scanned with
CamScanner

# INSTRUCTION SHEET TO DETAINEE REGARDING REQUIREMENT TO ASSIST IN REMOVAL

The following is a list of things you are required to complete within 30 days of receiving this form, in order comply with your obligation to assist in obtaining a travel document:

*Mandatory requirements will be checked off by the ICE officer depending on the facts of each case. Failure to comply or provide sufficient evidence of your inability to comply, may result in the extension of the removal period and subject you to further detention. In addition, you may be subject to criminal prosecution. If you need assistance in complying with any of the requirements, please contact a Deportation Officer.*

- ☒ Submit passports (current and expired) to ICE. If you have a copy of your passport, you are to submit it.
- ☒ Apply for a travel document/passport from your embassy or consulate, or directly from your government in your native country, or any other embassy or consulate of your native country in another country.
- ☒ Comply with all instructions from all embassies or consulates requiring completion of documentation for issuance of a travel document.
- ☒ Submit to ICE birth certificates, national identification cards, and any other document issued by a foreign government indicating your citizenship, nationality, place of birth, and place of residence prior to entering the United States.
- ☒ Provide names and addresses of family and friends residing in the United States and request that they contact your embassy or consulate in the United States, in order to facilitate the issuance of a travel document.
- ☒ Provide names and addresses of family and friends residing in your country of citizenship and request family and friends residing abroad contact your government in reference to issuing a travel document.
- ☒ You are required to take measures to request reinstatement of your previous nationality, register as required, or take any other action that will ensure the issuance of a travel document and your removal from the United States.
- ☒ Provide ICE with written copies of requests to embassies or consulates requesting issuance of a travel document.
- ☒ Provide ICE with written copies of responses from embassies or consulates regarding your requests.
- ☒ Solicit permission from another country, which may be able to accept you, to enter that country to affect your removal from the United States.
- ☒ Provide your true and correct name and date of birth and any other identities you have ever used.
- ☐ Other:_____

Alien's Signature _Refuse to Sign_     A Number 221 223 388

Served by TIERRA DIXON _____ on May 13, 2025 ___ at ___ CRE-T ___
　　　　　　Officer's Name　　　　　　Date　　　　　　Location

**To be served with I-229 (a) no later than 30 days after the final order**

(Rev. 04/18/12)





## ICE

### Joe Corley Processing Center

### Detainee Request Form / Solicitacion de Detenido

| Detainee Name / Nombre | ID Number / Numero de Identificacion | Date of Request / Fecha de Solicitud |
|---|---|---|
| Mohammadi Tooryali | A 22 122 338 8 | 4-1-25 |
| Country of Birth / Pais  Afghanistan | | Living Unit and Bunk / Dormitorio, Cama |
| Date of Birth / Fecha De Nacimiento   5-21-95 | | J 420 - 04 |

#### Type of Request / Tipo de Peticion

☐ Emergency Telephone Call / Llamadas de Emergencia
☐ Classification Appeal / Clasificacion
☐ Religious Service / Servicios Religiosos
☐ Food / Comida

☐ Visitation / Visitación
☐ Property / Propeidad
☐ Mail / Correro
☐ Laundry / Lavanderia
☐ Recreation / Recreacion
☐ Finance / Dinero

☐ Commissary / Comisaria
☐ Law Library / Biblioteca de Leyes
☒ Other / Otra
☐ Interpretation Services / Servicios de Interpretacion

Asking to go back to Germany
Wants to talk to you. He can not
write in English. He says he can
buy the ticket himself.

Detainee Signature/Firma Detenido: _____    Date/Fecha: _____

Response/Respuesta: _____

With this administration no one will be released without approval from Washington, DC. Therefore, everyone will remain in custody until their removal. ICE will no longer allow you to buy your own ticket if you have a final order of removal. You are currently waiting for your flight to be scheduled. Even after your flight is scheduled ICE cannot tell you the date of your removal because it is against ICE policy. Since ICE will schedule you for the first available flight there is no way to expedite your removal. Why? Because there are no earlier available flights. You will be removed on the date you are scheduled.

GEO Officer Signature/Firma del Oficial _____    4/14/2025   Date/Fecha: _____

GEO

Administrative Review Date: _____

Scanned with CamScanner

Office of Enforcement and Removal Operations
U.S. Department of Homeland Security
126 Northpoint Drive
Houston, Texas, 77060

$2·421



**U.S. Immigration
and Customs
Enforcement**

Mohammadi, Tooryali
c/o Immigration and Customs Enforcement
Houston Field Office

A221 223 388

## Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed, and it has been determined that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file, upon review of the factors for consideration set forth at 8 C.F.R. § 241.4(e), (f), and (g).

As explained below, after such review, ICE has determined to maintain your custody because:

- You have not demonstrated that, if released, you will not:

  - Pose significant risk of flight pending your removal from the United States.

ICE has made such determination based upon the following information: You are a native and citizen of Afghanistan who illegally entered the United States without being inspected, admitted, or paroled by an immigration officer at or near Eagle Pass, TX. USCIS served you Form I-862 Notice to Appear pursuant to section 212(a)(7)(A)(i) of the Immigration and Nationality Act as amended. On March 27, 2025 the Immigration Judge ordered you removed to Afghanistan.

Based on the above, you are to remain in ICE custody pending your removal from the United States as ICE is unable to conclude that the factors set forth at 8 C.F.R. § 241.4(e) have been satisfied. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal and that you are cooperating with ICE's efforts to remove you by taking whatever actions ICE requests to affect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 U.S.C. § 1253(a).

If you have not been released or removed from the United States at the expiration of the three- month period after this 90-day review, jurisdiction of the custody decision in your case will be transferred to the ICE Headquarters (ERO Removal Division), Potomac Center North, 500 12th Street SW, Washington, DC 20536. The ERO Removal Division will thereafter conduct a custody review and will make a determination regarding whether you will continue to be detained pending removal or may be released.

14·10·2025 ·

Scanned with
**CS** CamScanner

210 951 8756

*Office of Enforcement and Removal Operations*

**U.S. Department of Homeland Security**
500 12th Street, SW
Washington, D.C. 20536



**U.S. Immigration
and Customs
Enforcement**

MOHAMMADI, Tooryali
C/O Immigration and Customs Enforcement
Houston Field Office

A221 223 388

## Decision to Continue Detention

This letter is to inform you that the U.S. Immigration and Customs Enforcement (ICE) has reviewed your custody status and determined that you will not be released from custody at this time. This decision was based on a review of your file record, personal interview, and consideration of any information you submitted to ICE reviewing officials and upon review of the factors for consideration set forth at 8 C.F.R. § 241.4(e), (f), and (g).

You are a native and citizen of Afghanistan who last entered the United States on September 30, 2024, at Eagle Pass, Texas as an immigrant without an immigrant visa. On October 03, 2024, you were issued a Notice and Order of Expedited Removal, I-860. On October 08, 2024, you claimed fear of returning to Afghanistan. On October 15, 2024, United States Citizenship and Immigration Services (USCIS) provided the decision – Fear Found and issued a Notice to Appear, I-862. On March 27, 2024, an Immigration Judge denied all requests for relief and ordered you removed to Afghanistan where you reserved appeal. On April 28, 2024, your order of removal became final.

ICE is currently working with the government of Afghanistan to secure a travel document for your removal from the United States. A travel document from the Government of Afghanistan is expected, and ICE has reason to believe there's a significant likelihood that your removal will occur in the reasonably foreseeable future, therefore you are to remain in ICE custody at this time, as ICE is unable to conclude that the factors set forth at 8 C.F.R. § 241.4(e) have been satisfied.

You are advised that pursuant to Section 241(a)(1)(C) of the Immigration and Nationality Act (INA) you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with ICE efforts to remove you by taking whatever actions ICE requests to affect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC § 1253(a).

Rita Lasker,
Acting HQ RIO Unit Chief

1/5/2026
Date

www.ice.gov

Scanned with
CamScanner

Decision to Continue Detention
MOHAMMADI, Tooryali – A221 223 388
Page 2

## PROOF OF SERVICE

(1)    Personal Service (Officer to complete both (a) and (b) below.)

(a)    I _____, _____,
                        Name of ICE Officer                          Title

certify that I served _____ with a copy of
                                    Name of detainee

this document at _____ on _____, at _____.
                                Institution                          Date              Time

(b)    I certify that I served the custodian _____,
                                                        Name of Official

_____, at _____, on
            Title                                          Institution
_____ with a copy of this document.
        Date

## OR

(2)    Service by certified mail, return receipt.  (Attach copy of receipt)

I _____, _____, certify
                    Name of ICE Officer                          Title

that I served _____ and the custodian _____,
                            Name of detainee                                        Name of Official

with a copy of this document by certified mail at _____ on _____.
                                                                    Institution                      Date

Detainee Signature:_____        Date: _____

( ) cc: Attorney of Record or Designated Representative
( ) cc: A-File



# UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
### CONROE IMMIGRATION COURT

| | |
|---|---|
| Respondent Name:<br><br>MOHAMMADI, TOORYALI<br><br>To:<br><br>Iqbal, Zubaida<br>11637 ORPINGTON ST<br>Orlando, FL 32817 | A-Number:<br>221223388<br>Riders:<br>In Custody Redetermination Proceedings<br><br>Date:<br>01/28/2025 |

## ORDER OF THE IMMIGRATION JUDGE

The respondent requested a custody redetermination pursuant to 8 C.F.R. § 1236. After full consideration of the evidence presented, the respondent's request for a change in custody status is hereby ordered:

☑ Denied, because
The Court does not have jurisdiction to set a bond. The respondent is an inadmissible applicant for admission who is subject to mandatory detention under INA § 235(b). See generally Jennings v. Rodriguez, 138 S. Ct. 830 (2018); Matter of M-S-, 27 I&N Dec. 509 (A.G. 2019). The exclusive means for his release is a parole under INA § 212(d)(5), and the parole authority rests not with the Court, but with the Department of Homeland Security.

☐ Granted. It is ordered that Respondent be:
    ☐ released from custody on his own recognizance.
    ☐ released from custody under bond of $
    ☐ other:

☐ Other:

Immigration Judge: Cole, Timothy 01/28/2025

Appeal:   Department of Homeland Security: ☑ waived   ☐ reserved
          Respondent:                      ☐ waived   ☑ reserved

Appeal Due: 02/27/2025

### Certificate of Service

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable

To: [ ] Noncitizen | [ ] Noncitizen c/o custodial officer | [ E ] Noncitizen's atty/rep. | [ E ] DHS

Respondent Name : MOHAMMADI, TOORYALI | A-Number : 221223388

Riders:

Date: 01/28/2025 By: Cole, Timothy, Immigration Judge

## Declaration of MOHAMMADI TOORYALI TO HONORABLE JUDGE

UNITED STATES
SOUTHERN DISTRICT
COURT OF TEXAS


I am MOHAMMADI TOORYALI A#221223388 ,born on 05/22/1995 in
AFGHANISTAN,Kabul, I entered to USA on 09/30/2024,
On 03/27/2025 I got removable from immigration Judge.

I am afraid of returning to my home country (AFGHANISTAN) politically and socially, I have
evidence that shows that my life is in serious danger. But my case was not approved and I was
unable to obtain asylum, and the US immigration judge decided to deport me to my country
Afghanistan, I emphasize that when arrive at Kabul airport, there is no guarantee that I will
leave the airport alive.

I asked you to release me immediately so that I can remain in the US until an ligemate
government is established, I will return to my home country Afghanistan voluntary, I signed the
deportation form , but they did not send me , I am afraid of returning to home country
Afghanistan .


## Honorable Judge please issue an order for my release


long live the united state,may god protect America,god save America.

DATE; 3 . 30 . 2026

SIGNATURE;

# TO HONORABLE JUDGE

Name;  MOHAMMADI,TOORYALI
A#221223388
COUNTRY; AFGHANISTAN

On the 17, February,2026 3 ICE agents, two women and one man told to me and my friend who entered the border with me together the same time the ICE told us that AFGHANISTAN not accept yours, and we want to send yours to the third countries like;
CANADA,GERMANY,FRANCE, we told them to send us to CANADA,GERMANY and every Europe countries, they wrote but they did not give us copies and information, or they just lying.

DATE; 3.30.2026

SIGNATURE;

## Support Letter

From: Nangyalai Mohammadi
2501 S Eagleson Rd
Boise, ID 83705

To Whom It May Concern:

I, Nangyalai Mohammadi, live at 2501 S Eagleson Rd, Boise, Idaho 83705. I am writing to confirm that I am willing to receive and support my brother, Tooryali Mohammadi, if he is released from ICE custody.

If he is released, he will live with me at my home in Boise, Idaho. I am willing to provide him with stable housing, daily support, transportation as needed, and assistance with complying with any reporting requirements, check-ins, or other conditions of supervision.

I believe Tooryali is not a flight risk. He has family support in the United States, a fixed address where he can live, and people who are ready to help him follow all requirements. I respectfully ask that his available family support and release plan be taken into consideration.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.


Date: 3 - 22 - 26

Signature: 

Nangyalai Mohammadi

U.S Department of Justice

Executive Office for Immigration Review

OMB# 1125-0017

**Certification and Release of Records**

## Part A. Information Regarding the Noncitizen or Subject of the Records Sought

| 1. Alien Registration Number(s) (A-numbers) (if any) | 2. Current Legal Name (Last, First, Middle) |
|---|---|
| **A221223388** | **MOHAMMADI,TOORYALI** |

3. Other Names By Which You Have Been Known Since Birth:

**TOORYALI**

4. Current Address

(Note: If you are a noncitizen and your address has changed, please complete the EOIR-33, Change of Address/Contact Information Form, available at https://www.justice.gov/eoir/list-downloadable-eoir-forms.)

| Street Number and Name | Apartment Number or Unit Number (if any) |
|---|---|
| 3400 FM 350 S Livingston | |

| City and State or Province | Country | Zip Code (if any) | Telephone Number |
|---|---|---|---|
| Livingston,TX | United States | 77351 | (986 )2267269 |

5. Previous Address (if applicable)
Street Number and Name                    Apartment Number or Unit Number (if any)

| City and State or Province | Country | Zip Code (if any) | Telephone Number |
|---|---|---|---|
| | | | ( ) |

| 6. Date of Birth (mm/dd/yyyy) | 7. Country of Nationality or Citizenship | 8. Place of Birth |
|---|---|---|
| 05/22/1995 | Afghanistan | Kabul |

9. (Check One)  ☑ Release all of my records    ☐ Only release the following records: (specify exact records you wish to be released)

## Part B. Recipient's Information

| 1. Recipient's Full Name (Last, Middle, First) | 2. Recipient's Organization (if applicable) |
|---|---|
| MOHAMMADI,NANGYALAI | |

3. Recipient's Mailing Address   MOHAMMADI,NANGYALAI
In Care of Name (if any)

| Street Number and Name | Apartment Number or Unit Number (if any) |
|---|---|
| 2501 S eagleson rd | |

| City and State or Province | Country | Zip Code (if any) | Telephone Number |
|---|---|---|---|
| Boise,ID | United States | 83705 | (986 )2267269 |

4. Recipient's Email Address

jan772534@gmail.com

5. Recipient's Relationship to Subject of Record

| ☐ Attorney or legal representative. Proceed to 6. | ☐ Parent or guardian. If signing on behalf of Subject of Record, you must complete Part C. | ☑ Other. Please specify: Brother |
|---|---|---|

6. Recipient's EOIR-ID Number (if any)

Form EOIR-59
Rev. Aug. 2023
Exp. 02/28/2027

Scanned with
CamScanner

U.S Department of Justice
Executive Office for Immigration Review

OMB# 1125-0017
**Certification and Release of Records**

---

**Part C. Parent or Guardian Information**
You must complete this part if you are the parent or guardian of the Subject of Record and you are completing this form on behalf of the Subject of Record.

| 1. Date of Birth (mm/dd/yyyy) | 2. Place of Birth |
|---|---|

3. Current Address

Street Number and Name                                 Apartment Number or Unit Number (if any)

| City and State or Province | Country | Zip Code (if any) |
|---|---|---|

4. Relation to Subject of Record:

_____

☐ By checking this box, I understand that 28 C.F.R. § 16.41 requires that I attach proof of my relationship to the subject of the record if I am requesting a copy of a Record of Proceeding or requesting copies of records under the Freedom of Information Act or the Privacy Act.

---

**Part D. Signature of Noncitizen, Subject of Record, or Parent or Guardian of Subject of Record**

By my signature below, unless otherwise specified above, I consent to EOIR releasing any and all information relating to me to the above-named Recipient. This consent will allow the Recipient to receive and/or examine potentially sensitive information and documents. If filing this request on my own behalf, I also consent to pay all costs incurred for search, duplication, and review of documents up to $25.

I further declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named in Part A above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. § 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both.

| 1. Signature | 2. Date  03-04-2026 |
|---|---|

Form EOIR-59
Rev. Aug. 2023
Exp. 02/28/2027

Scanned with
CamScanner

U.S Department of Justice

Executive Office for Immigration Review

OMB# 1125-0017

## Certification and Release of Records

**Purpose:** The primary purpose for providing the requested information on this form is for parties in cases or individuals who are in or have been in proceedings before the Executive Office for Immigration Review (EOIR) to authorize the disclosure of their information, including information retained in case files or a Record of Proceeding (documents, and if applicable, audio recordings), to an attorney, accredited representative, qualified organization, or other third party.

**Disclosure:** To ensure that privacy-protected information is not improperly released, a document such as this form, which verifies your identity, must accompany all requests for access to records containing your information. You may choose what information you wish to be disclosed, but failure to fully complete the form, including any additional information requested to process the request, may delay access to information or result in denial of an information request.

**Authorities:** The information requested on this form, and the associated evidence, is collected under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a, together with the Department of Justice and Executive Office for Immigration Review implementing regulations found in volumes 8 and 28 of the Code of Federal Regulations.

**Freedom of Information Act Statement:** Requests for information about a person other than the requester require proper authorization allowing release of the information. If you are seeking non-public information regarding a person who is not you or a person you represent, the FOIA Service Center recommends having the person who is the subject of the request complete and sign this form for this purpose. If a disclosure would constitute a clearly unwarranted invasion of personal privacy, EOIR may not release the requested information without a signed form EOIR-59. Please note that prior to releasing any information, EOIR assesses the applicability of all FOIA exemptions. For additional information on submitting a FOIA or Privacy Act Request to EOIR, see https://www.justice.gov/eoir/foia-submit-a-request.

**Paperwork Reduction Act:** Under the Paperwork Reduction Act, a person is not required to respond to a collection of information unless it displays a valid OMB control number. We try to create forms and instructions that are accurate, can be easily understood, and which impose the least possible burden on you to provide us with information. The estimated average time to complete this form is ten minutes. If you have comments regarding the accuracy of this estimate, or suggestions for making this form simpler, you can write to the Executive Office for Immigration Review, Office of the General Counsel, 5107 Leesburg Pike, Suite 2600, Falls Church, Virginia 22041.

**Privacy Act Statement.** In accordance with 28 C.F.R. § 16.41, personal data sufficient to identify the individual submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. § 552a, is required. This data should at a minimum include full name, mailing address, and place and date of birth. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if EOIR cannot confirm identity and guardianship based on the information provided. False information on this form may subject the filer to criminal penalties under 18 U.S.C. § 1001 and 5 U.S.C. § 552a(i)(3).

Form EOIR-59
Rev. Aug. 2023
Exp. 02/28/2027


Scanned with
CamScanner

A# 221-223-388

United States Courts
Southern District of Texas
FILED

APR 0 6 2026

Nathan Ochsner, Clerk of Court

## MEMORANDUM OF LAW IN SUPPORT OF PETITION OF WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

Name: _Mohammadi, Toonyali_
Alien Registration No.: _221-223-388_
Pro Se Petitioner-Detained
Detention Center: _Houston Contract Facility_
Address: _15850 Export Plaza Dr_
_Houston Tx 77032_

_This was prepared by Rapid Defense Network, ACLU of Louisiana, and the Southern Poverty Law Center as part of a pro se guide._

1

Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the ons and terms and conditions of the Matthew Bender Master Agreement.

## INTRODUCTION

1. Petitioner, _Mohammad Toonyali_, petitions this Court for a writ of habeas corpus to remedy Petitioner's indefinite detention by Respondents. Petitioner submits this Memorandum of Law in Support of the Petition for a Writ of Habeas Corpus.

2. As the Supreme Court held in _Zadvydas v. Davis_, 533 U.S. 678 (2001), noncitizens cannot be detained indefinitely if the government is unable to carry out their removal. Instead, detention after a final order of removal is authorized only when removal is reasonably foreseeable. As a guide to courts, the Court in _Zadvydas_ established a presumption that detention after a final order of removal was permissible for six months. Detention after a final order may be unlawful even when six months have not passed, particularly if it is clear that the United States will not be able to effect a noncitizen's removal. But after that six-month period, once a noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." And the longer a noncitizen has been detained, the stronger the government's showing must be.

3. Petitioner is entitled to release under the framework of _Zadvydas_ unless the government promptly demonstrates that there is a significant likelihood of removal in the reasonably foreseeable future.

4. Petitioner respectfully requests that the Court use its authority under 28 U.S.C. § 2243 to order the Respondents to file a return within three days, unless they can show good cause for additional time. _See_ 28 U.S.C. § 2243 (stating that an order to show cause why a petition for a writ of habeas corpus should be denied is returnable "within three days unless for good cause additional time, not exceeding twenty days, is allowed").

2

)8 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the :tions and terms and conditions of the Matthew Bender Master Agreement.

5. In order to permit full judicial review of the claims herein and requested relief, Petitioner respectfully requests that the Court order Respondents not to transfer Petitioner outside the jurisdiction of this Court pending consideration of this Petition.

## STATEMENT OF FACTS

6. Petitioner was born in: _Kabul, Afghanistan_

7. Petitioner entered the United States on or about: _09/30/2024_.

8. An Immigration Judge ordered Petitioner removed from the United States on or about _March / 27/ 2025_.

9. Regarding Appeals: _Petitioner was satisfied and had accepted the immigration Judge' decision._

10. Petitioner has cooperated fully with all of ICE's efforts to remove Petitioner. Petitioner has cooperated with ICE in the following ways: _Signed all requested forms from ICE, Providing his legal Documents like his Passport, ID Card. he had also provided his fengerprints and Photographs for Travel documents Application and Providing his information which was necessary for his removal._

3

8 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the tions and terms and conditions of the Matthew Bender Master Agreement.

11. Nonetheless, ICE has been unable to remove Petitioner from the United States. ICE is unlikely to remove Petitioner in the reasonably foreseeable future because: *Petitioner home Country will not issue Petitioner a Travel documents and accept Petitioner deportation to Afghanistan The current government of Afghanistan ( Taliban gov) doe not have Embassy and there no evidence that shows that a repatriation between Current Afghanistan and U.S government*

12. Regarding Petitioner Detention: *Petitione was / were detained while Petitioner,s immigration claim were p_ ending.*

13. If released, Petitioner will be supported by family and friends in the United States. In particular: *he will be supported by his brother: Mohammedi, Nangyalai Address: 2501 S eagleson rd Boise, ID 83705 Tele: 986-226-7969*

4

08 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the ctions and terms and conditions of the Matthew Bender Master Agreement.

## ARGUMENT

14. This action arises under the Constitution of the United States and the Immigration and Nationality Act ("INA") §§ 101–507, 8 U.S.C. § 1101–1537, amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009-1570.

15. This Court has jurisdiction under 28 U.S.C. § 2241, the Suspension Clause, U.S. Const. art. I § 9, cl. 2, and 28 U.S.C. § 1331, as Petitioner is presently in custody under color of the authority of the United States, and Petitioner's custody is in violation of the Constitution, laws, or treaties of the United States. *See Zadvydas*, 566 U.S. 678. This Court may grant relief under 28 U.S.C. § 2241 (habeas corpus), 5 U.S.C. § 702 (establishing the right of review for a person suffering a legal wrong due to agency action), and 28 U.S.C. § 1651 (All Writs Act).

16. The Due Process clause applies to all persons in the United States, "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693. In *Zadvydas*, the Supreme Court emphasized, "[f]reedom from imprisonment—from government custody, detention, or other forms of physical lies at the heart of the liberty that [the Due Process] Clause protects." 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). The Court noted, "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem." *Id.*; *see also Plyer v. Doe*, 457 U.S. 202, 210 (1982) ("Aliens, even aliens whose presence in this country is unlawful, have long been recognized as 'persons' guaranteed due process of law by the Fifth and Fourteenth Amendments.").

5

008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the ictions and terms and conditions of the Matthew Bender Master Agreement.

17. Under 8 U.S.C. § 1231(a)(2), noncitizens subject to final orders of removal "shall" be detained during the first 90 days—the "removal period"—and they "shall" be removed during that period under § 1231(a)(1). Under 8 U.S.C. § 1231(a)(6), the government "may" continue detention beyond the 90-day removal period if a noncitizen falls within certain broad categories of removability or is determined "to be a risk to the community or unlikely to comply with the order of removal." 8 U.S.C. §1231(a)(6).

18. In *Zadvydas*, the Supreme Court construed 8 U.S.C. §1231(a)(6) to authorize detention only where it is significantly likely that removal will occur in the reasonably foreseeable future, in order to avoid the serious due process concerns that would be presented by permitting detention for an indefinite period of time. *Zadvydas*, 533 U.S. at CITE. After a noncitizen meets his or her initial burden to show that no such likelihood of removal exists, the burden shifts to the Government to "respond with evidence sufficient to rebut [the alien's] showing." *Id.* at 701.

19. Courts have rejected conclusory claims by ICE agents which claim, without submitting concrete factual information about scheduled flights or repatriation agreements, that removal is imminent. "[A] theoretical possibility of eventually being removed does not satisfy the government's burden once the removal period has expired and the petitioner establishes good reason to believe his removal is not significantly likely in the reasonably foreseeable future." *Balza v. Barr*, No. 6:20-CV-00866, 2020 WL 6143643, at *5 (W.D. La. Sept. 17, 2020) (internal quotation marks and citation omitted). "[I]f [ICE] has no idea of when it might reasonably expect [Petitioner] to be repatriated, [a] Court certainly cannot conclude that [a] removal is likely to occur—or even that it might occur—in the reasonably foreseeable future." *Id.* at *5 (internal quotation marks and citation omitted). *See also,*

6

)8 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the :tions and terms and conditions of the Matthew Bender Master Agreement.

*Gomez Barco v. Witte*, No. 6:20-CV-00497, 2020 WL 7393786 (W.D La. Dec. 16, 2020) (ordering release of a petitioner who was detained longer than six months because ICE had not been able to secure necessary travel documents, noting that the ICE officer "clearly has no factual basis for his 'belief' that there is no foreseeable impediment to Petitioner's removal or that her removal is imminent," and that there was no foundation for the "expectation" that the COVID-19 related travel restrictions in place would soon be lifted); *Balza v. Barr*, No. 6:20-CV-00866, 2020 WL 6064881 (W.D. La. Oct. 14, 2020) (same).[1] In granting Ms. Balza's release, the court considered and rejected a conclusory declaration by a local ICE Assistant Field Officer that removal was imminent. *Id.* at *5. In *Alexis v. Smith*, the petitioner, Mr. Alexis, had been in detention for almost a year and subject to a removal order for over a year. An ICE official testified to an informal agreement that permitted removals but acknowledged that there were far fewer removals to Haiti in the aftermath of the 2010 hurricane. The Haitian government had an issue with identity documents and it was unknown when that would be resolved. The magistrate did not credit ICE's vague statements that it was "endeavoring to rectify the issue" and concluded there was no end in sight for detention, and recommended release. The District Court Judge agreed and ordered release. ICE then released Mr. Alexis on an Order of Supervised release

---

[1] Other district courts in the Fifth Circuit and elsewhere have similarly granted habeas relief when the noncitizen has shown that there is no significant likelihood of removal in the reasonably foreseeable future. *See, e.g., Carreno v. Gillis*, No. 5:20-cv-44-KS-MTP, 2020 WL 8366735 (S.D. Miss. Dec. 16, 2020) (granting habeas relief to petitioner detained for approximately sixteen months due to a lack of diplomatic relations with Venezuela); *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703 (S.D. Tex. 2020) (granting habeas relief to petitioner initially detained for three years, released and detained again for four months when petitioner could not be removed due to travel restrictions to Pakistan); *Sharifi v. Gillis*, No. 5:20-cv-5-DCB-MTP, 2020 WL 7379211 (S.D. Miss. Oct. 9, 2020) (granting habeas relief to petitioner detained for seventeen months after Iranian officials failed to respond to a travel document request for more than seven months).

7

)08 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the ictions and terms and conditions of the Matthew Bender Master Agreement.

and moved to get the judgment vacated on mootness, which it was. However, this does not invalidate the reasoning and conclusions of the Magistrate Judge and District Court Judge on this subject, and this case is still informative and persuasive to the body of law on this subject. *Alexis v. Smith*, No. CIV.A. 11-0309, 2011 WL 3924247 (W.D. La. Aug. 3, 2011), report and recommendation adopted, No. CIV.A. 11-0309, 2011 WL 3954945 (W.D. La. Sept. 6, 2011), vacated, No. CV 11-0309, 2011 WL 13386020 (W.D. La. Sept. 15, 2011).

20. Courts in this District have—pursuant to *Zadvydas*—released individuals who have been detained for over six months. *See, e.g., Gomez Barco*, 2020 WL 7393786 (ordering release of an immigrant detainee who was a native and citizen of Venezuela who was detained longer than six months because ICE had not been able to secure necessary travel documents); *Balza*, 2020 WL 6143643, at *5 (ordering release of petitioner and noting that "[a]fter more than a year of detention, Petitioner's removal need not necessarily be imminent, but it cannot be speculative") (internal quotation marks omitted).

21. Under *Zadvydas*, courts have found that there is no significant likelihood of removal and granted relief where:

- No country will accept the petitioner. *See, e.g., Jabir v. Ashcroft*, No. 03-2480, 2004 WL 60318 (E.D. La. Jan. 8, 2004) (granting habeas relief to petitioner detained for more than fourteen months after numerous countries refused to repatriate the petitioner).[2]

- The petitioner's country of origin refuses to issue a travel document. *See, e.g., Alexis v. Smith*, No. 11-0309, 2011 WL 3924247 (W.D. La. Aug. 3, 2011) (granting habeas relief to petitioner detained for approximately one year due to the Haitian government rejecting the quality of identity documents provided); *Fermine v. Dir.*

---

[2] *See also Hassoun v. Sessions*, No. 18-CV-586-FPG, 2019 WL 78984, at *4 (W.D.N.Y. Jan. 2, 2019) (ordering release of petitioner detained fourteen months after petitioner showed "that the countries with which he has any affiliation will not accept him"); *Yusupov v. Love*, No. 4:CV-06-1804, 2007 WL 5063231 (M.D. Pa. Jan. 12, 2007); *Abel-Muhti v. Ashcroft*, 314 F. Supp. 2d 418 (M.D. Pa. 2004) (ordering release of petitioner detained approximately two years after refusal of several countries to accept petitioner).

8

08 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the ictions and terms and conditions of the Matthew Bender Master Agreement.

*of Immigr. & Customs Enf't*, No. 2:06-cv-1578, 2007 WL 2284606 (W.D. La. May 23, 2007) (granting habeas relief to petitioner detained for fifteen months due to Trinidad's refusal to issue travel documents); *Lijadu v. Gonzales*, No. 06-1208, 2006 WL 3933850 (W.D. La. Dec. 18, 2006) (granting habeas relief to petitioner detained nineteen months because Nigeria refused to issue travel documents due to petitioner's HIV status).[3]

- There is no removal agreement between the United States and a country. In these scenarios, courts have found that the lack of a formal agreement regarding repatriation, lack of diplomatic relationship, and lack of a functioning government support a finding that there is no significant likelihood of removal. *See, e.g., Negusse v. Gonzales*, No. 06-1382, 2007 WL 708615 (W.D. La. Mar. 1, 2007) (granting habeas relief to petitioner detained for approximately one year because the United States did not have a repatriation agreement with Ethiopia and Ethiopia would not issue travel documents because one of petitioner's parents was not Ethiopian).[4]

- There is either no response from a country designated for removal or a significant delay in receiving a response. *See, e.g., Gonzalez-Rondon v. Gillis*, 5:19-cv-109-DCB-MTP, 2020 WL 3428983 (S.D. Miss. June 23, 2020) (granting habeas relief to petitioner detained thirteen months where there was no response from Venezuelan officials).[5]

---

[3] *See also Ka v. Bureau of Immigr. & Customs Enf't*, No. B-07-197, 2008 WL 11462867, at *8 (S.D. Tex. June 24, 2008) (ordering release of petitioner detained twelve months after Senegal "refused to issue Ka a travel document because he d[id] not have proper identity documentation"); *Moreira v. Gonzales*, No. CIVA CV05-588 A, 2006 WL 3861972 (W.D. La. Nov. 2, 2006) (granting habeas relief to petitioner detained for three years because Cape Verde advised that it would not accept the petitioner for repatriation); *Khan v. Gonzales*, 481 F. Supp. 2d 638 (W.D. Tex. 2006).

[4] *See also Gomez Barco*, 2020 WL 7393786; *Islam v. Kane*, No. CV–11–515–PHX–PGR (LOA), 2011 WL 4374226, at *3 (D. Ariz. Aug. 30, 2011) (ordering release of petitioner detained ten months where petitioner presented evidence that Bangladesh "is one of fifteen countries identified by ICE as least likely to issue travel documents"); *Carreño*, 2020 WL 8366735; *Simoza Rangel v. Gillis*, No. 5:19-cv-118-DCB-MTP, 2020 WL 7223258 (S.D. Miss. Sept. 2, 2020) (granting habeas relief to petitioner detained for sixteen months due to a lack of diplomatic relations with Venezuela); *Abduelle v. Gonzales*, 422 F. Supp. 2d 774 (W.D. Tex. 2006) (concluding that the petitioner met the burden to show removal was not reasonably foreseeable after being detained for more than one year when an injunction restricted the government's ability to remove the petitioner to Somalia).

[5] *See also Sharifi*, 2020 WL 7379211; *Aung v. Barr*, No. 20-CV-681-LJV, 2020 WL 4581465 (W.D.N.Y. Aug. 10, 2020); *Edwards v. Barr*, No. 4:20cv350-WS-MAF, 2020 WL 6747737 (N.D. Fla. Oct. 14, 2020); *Rual v. Barr*, No. 6:20-CV-06215 EAW, 2020 WL 3972319 (W.D.N.Y. July 14, 2020); *Rodriguez Del Rio v. Price*, No. EP-20-CV-00217-FM, 2020 WL

9

8 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the tions and terms and conditions of the Matthew Bender Master Agreement.

- ICE fails to take action to secure travel documents for a prolonged period. *See, e.g., Senor*, 401 F. Supp. 3d at 430–31 (granting habeas relief after ICE initially requested travel documents but where "there [wa]s no indication from the record that anyone ha[d] taken any further action in the eight months since that time . . . to facilitate Senor's receipt of the necessary travel documents").[6]

22. As the length of detention grows, the period of time that would be considered the "reasonably foreseeable future" shrinks. *See, e.g., Zadvydas*, 533 U.S. at 701 (stating that as the length of time in detention grows "what counts as the 'reasonably foreseeable future' conversely would have to shrink"); *Senor*, 401 F. Supp. 3d at 430 ("'[T]he passage of time combined with' the 'government [being] no closer to . . . repatriating [a detainee] than they were once they first took him into custody' [is] sufficient to meet that 'initial burden.'"); *Lawrikow*, 2009 WL 2905549, at *12.

23. Petitioner's continued detention is unlawful, and Petitioner is unlikely to be removed in the reasonably foreseeable future. Therefore, Petitioner's detention violates the statute and s/he is entitled to immediate release.

24. Petitioner's detention also violates the Due Process Clause. The Due Process Clause of the Fifth Amendment forbids the government from depriving any "person" of liberty "without due process of law." U.S. Const. amend. V. "Freedom from imprisonment—from

---

7680560 (W.D. Tex. Nov. 3, 2020); *Singh v. Whitaker*, 362 F. Supp. 3d 93 (W.D.N.Y. 2019); *Butt v. Holder*, No. CA 08–0672-CG-C, 2009 WL 1035354 (S.D. Ala. Mar. 19, 2009) (holding that petitioner met his initial burden where he was held in ICE custody for more than ten months after the issuance of his removal order with no indication from the Pakistani Embassy that travel documents would be issued); *Lawrikow v. Kollus*, No. CV–08–1403–PHX–GMS (LOA), 2009 WL 2905549 (D. Ariz. July 27, 2009); *Reid v. Crawford*, No. 06–02436 PHX JWS (MEA), 2007 WL 1063413 (D. Ariz. Jan. 31, 2007); *Gui v. Ridge*, No. 3CV031965, 2004 WL 1920719 (M.D. Pa. Aug. 13, 2004); *Shefqet v. Ashcroft*, No. 02 C 7737, 2003 WL 1964290 (N.D. Ill. Apr. 28, 2003).

6 *See also Chun Yat Ma v. Asher*, No. C11–1797 MJP, 2012 WL 1432229, at *4 (W.D. Wash. Apr. 25, 2012) (ordering petitioner's release where the government failed "to provide any documentation of efforts . . . to effectuate removal . . . [for] nearly six months").

.008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the rictions and terms and conditions of the Matthew Bender Master Agreement.

A # 221-228-388

government custody, detention, or other forms of physical restraint—lies at the heart of the liberty" that the Due Process Clause protects. *Zadvydas*, 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). Civil immigration detention violates due process if it is not reasonably related to its statutory purpose. *See id.* (citing *Jackson v. Indiana*, 406 U.S. 715, 738 (1972)). In the immigration context, the Supreme Court has recognized only two valid purposes for civil detention: to mitigate the risk of flight and prevent danger to the community. *Id.* Petitioner's prolonged civil detention, which has lasted well beyond the end of the removal period, and which is likely to continue indefinitely, is no longer reasonably related to the primary statutory purpose of ensuring imminent removal. Thus, Petitioner's detention violates Petitioner's right to due process.

## CONCLUSION

25. In conclusion, Petitioner's indefinite detention violates the detention statute and is unconstitutional. Petitioner respectfully requests that this Court order Respondents to show cause why the writ should not be granted "within three days unless for good cause additional time, not exceeding twenty days, is allowed," and set a hearing on this Petition within five days of the return, pursuant to 28 U.S.C. § 2243 and grant the Writ of Habeas Corpus ordering Respondents to immediately release Petitioner from their custody.

Respectfully submitted,

Signature: _____

Name: Mohammadi, Tooryali

A-Number: 221-278-388

Detention Center: Houston Contract Detention Facility 15850 Export Plaza Dr, Houston Tx 77032

11

08 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the ictions and terms and conditions of the Matthew Bender Master Agreement.

I affirm, under penalty of perjury, that the foregoing is true and correct.

Mohammadi, Toonjeli
Petitioner

_____
Date executed

A# 221-223-385
Houston Contract Detention Facility
15850 Export Plaza Dr
Houston, TX 77032

10

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.